BEER, Judge.
Alton Ryan was working as a carpenter for Tellespen Construction Company (insured by Employers National Insurance Company) when he slipped into a hole between two concrete slabs. Ryan continued working for about a month and a half after this incident but then ceased working because of back pain. Thereafter, he sought and received compensation payments until certified by his treating physician as able to return to his job though he never did, in fact, return. Subsequently, a non-work-related incident occurred: while raking leaves at home, Ryan experienced a “heat wave” type of pain in his back. This incident, he contends, has resulted in possible disc herniation and is related in causal effect to the incident first noted above. The trial court dismissed his suit for permanent and total disability and he appeals.
Dr. Dabney Ewing first examined Ryan on October 28, 1975, three days after his first report of the incident which had allegedly taken place some six weeks prior. Dr. Ewing diagnosed a lumbar muscle spasm of undetermined cause but doubted that it was a result of the incident of September 8th. Even so, Ryan received compensation payments until a subsequent examination by Dr. Ewing showed him to have full range of motion and able in all respects to return to work.[1]
Dr. Russell Grunsten, an expert in the field of orthopedic surgery, examined Ryan on December 9, 1975, and, after prescribing exercise treatment, released him for full duty as of January 13, 1976. His initial examination had revealed no evidence of spasm or neurological defect. Dr. Grunsten saw Ryan again on March 23 and April 11 (soon after the leaf raking incident) and noted appreciable yet unexplainable variations between certain tests conducted at the April 11 examination. These inconsistencies indicated to Dr. Grunsten that Ryan was apparently magnifying his complaints. At any rate, Dr. Grunsten found overall satisfactory mechanical capacity referable to the low back region and again recommended that Ryan return to work. Furthermore, he found no objective evidence of nerve root irritation or mechanical restriction nor could he identify any ruptured disc pathology. Essentially, he could find no justification for Ryan’s complaints.
Dr. Thomas Whitecloud found no abnormalities of the lumbar spine on his examination of December 12, 1975, and his diagnosis at that time was mild lumbosacral sprain. He believed that Ryan could return to work. Then, on May 11, 1975, some two months after the non-work-related incident, he noted paravertebral muscle spasm, an objective diagnostic sign of a possible disc problem and, accordingly, recommended hospitalization. Dr. Whitecloud hospitalized Ryan for traction for one week and performed a myelogram, the results of which were normal. However, a July 13th venogram indicated possible herniation of the L-4, L-5 discs on the left. "Dr. White-cloud acknowledged that it was impossible to state that the September incident caused Ryan’s possible disc problem. It was his “honest opinion” that the raking of the leaves caused the trouble but that the September slipping incident at work could be interrelated.
The able trial judge has succinctly summarized the testimony and the evidence as follows:
“None of the physicians could say that more probably than not plaintiff’s current complaints, dramatically commencing in May, 1976, are causally related to his fall on September 8, 1975. In the absence of such proof, his claim must be dismissed.”
We agree. The judgment is affirmed, at appellant’s cost.

AFFIRMED.

. Specifically, he received compensation payments of $898.57, and medical expenses of $554.32 were paid in his behalf.